IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN STALCUP, et al.,

    Plaintiffs,

v.

Y. KING LIU, et al.,

    Defendants.
_____/

No. C 11-00002 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON MARCH 25, 2011, AT 9:00 A.M.:

    The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings.  If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing.  If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites and without argument or additional briefing.  *Cf.* N.D. Civil Local Rule 7-3(d).  The parties will be given the opportunity at oral argument to explain their reliance on such authority.  The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

//

The Court **tentatively grants** the Motion to Remand and **reserves** issuing a tentative ruling on the motion to dismiss. Each party shall have ten (10) minutes to address the following question:

1. In the "Assignment of Rights to Vbond Patent to the University of Northern California," the Co-Inventors, including each of the three Plaintiffs, purport to *assign* to UNCF "Co-Inventors' entire right, title, and interest in and to the Intellectual Property, including good will, as set forth in Schedule 1.A." (Assignment Agreement, Section 2.1 at 1.) In turn, the term "Intellectual Property" is defined, *inter alia*, to include the "the VBond Patent, including all intangible personal property whether deemed patents, [or] patent applications..." (*Id.*, Section 1.1 at 1.) Finally, Schedule 1.A provides that the "Intellectual Property Assigned" is the "VBond Patent and all updates, modifications, and enhancements made to the VBond Patent." In each of these Agreements, each of the Plaintiffs is listed as a Co-Inventor and they each are listed on the VBond Patent application as inventors. This language appears to be unambiguous.

   a. What is Defendants' best argument that the issue of inventorship is not an issue that would be presented in defense of Plaintiffs claims for relief. In other words, in the face of what appears to be unambiguous language and acknowledgements by the Defendants that Plaintiffs are "Co-Inventors" of the VBond Patent, what is Defendants' best argument that Plaintiffs would be required to put on evidence, beyond the contracts at issue and the VBond Patent application, that they are, in fact, "Co-Inventors" as that term would be interpreted under patent laws.

2. The parties have indicated that settlement discussions are on-going. Does either party believe that deferring a ruling on these motions would facilitate a resolution of this matter?

//

//

//

2

//

3. Are there any other issues the parties wish to address?

**IT IS SO ORDERED.**

Dated: March 24, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE